MEMORANDUM **
John C. Ramig and Margaret T. Ramig appeal a decision of the Tax Court denying them bad-debt deductions for advances made to ShoeS4Work and other payments made on behalf of the company. Determination of whether an advance to a business is debt or equity is a finding of fact reviewed for clear error. Bauer v. Comm’r, 748 F.2d 1365, 1367 (9th Cir.1984). We affirm.
It was not clearly erroneous for the tax court to determine that the $29,600 in advances was not a bona fide debt. The tax court determined that the balance of *758 the factors identified in A.R. Lantz Co. v. United States, 424 F.2d 1330, 1333 (9th Cir.1970), favored a conclusion that the advances were equity rather than debt. Perhaps most importantly, the financial condition of the company was such that repayment could not be expected from the company’s earnings. Lending was not available from an outside source, so repayment was dependent on the company raising more capital. That weighed against a characterization of Ramig’s advances as bona fide business loans. Though factors favoring debt may have made the issue a close call, “[w]here there are two permissible views of the evidence, the factfinder’s choice between them cannot be clearly erroneous.” United States v. Working, 224 F.3d 1093, 1102 (9th Cir.2000) (en banc).
Nor was it clearly erroneous for the tax court to determine that the $11,273.60 in credit card charges was not debt. Though Ramig may have expected repayment, he knew that repayment was uncertain and depended, like the repayment of the advances discussed above, upon the company raising more capital. Given the circumstances, it was not clearly erroneous for the tax court to find that the credit card charges were an equity investment.
Judge Silverman’s dissent reaches a different conclusion, focusing on the provision of the Key Employee Agreement placing a $50,000 limit on whatever expenses or obligations Ramig might incur on ShoeS4Work’s behalf. Assuming that this provision contains an implied promise to repay, that fact is outweighed by the other factors that must be considered under A.R. Lantz. Here, the payments charged to the credit card did not have a repayment date, ShoeS4Work was unable to repay Ramig unless it earned money or raised additional capital, ShoeS4Work was not obligated to pay Ramig interest, there was no satisfactory evidence that ShoeS4Work had repaid Ramig for such charges in the past, and Ramig did not demand repayment. It was not clearly erroneous for the tax court to find that these factors outweighed whatever might be implied from the Key Employee Agreement. Therefore, it was not clearly erroneous for the tax court to conclude that the credit card charges were equity and not debt.
Finally, it was not clearly erroneous for the tax court to determine that the $2,500 in payments to Puget Sound Leasing was not debt. Ramig purportedly made the payments as a guarantor for ShoeS4Work, but the Ramigs had the burden to show that the payments were made pursuant to a guaranty agreement. See Brodsky v. Comm’r, T.C.M. (RIA) 2001-240, 2001 WL 1078113, at *50 (2001). The Ramigs failed, however, to produce any documentary evidence substantiating any such agreement.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.